**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ROBERTO ALCIDES FERNANDEZ BENITEZ,

Petitioner,

v.

SIXTO MARRERO, Warden, Imperial Regional Detention Facility; GREGORY ARCHAMBAULT, San Diego Field Office Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, Department of Homeland Security; and TODD BLANCHE, Acting Attorney General, U.S. Department of Justice,

Respondents.

Case No.: 3:26-cv-04307-BTM-MMP

**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF NO. 1]**

Roberto Alcides Fernandez Benitez filed a petition for a writ of habeas corpus on July 28, 2026. (ECF No. 1 ("Pet.").) His petition claims that his detention violates the Immigration and Nationality Act because he is improperly held without a bond hearing under 8 U.S.C. § 1225(b)(2). (*Id.* ¶¶ 13–15.) He also argues the Government violated its governing immigration regulations and the Suspension Clause and Due Process Clause of

the U.S. Constitution. (*Id.* ¶¶ 22, 34–35, 52, 61–62.) To remedy these violations, he requests that the Court order his release, or in the alternative, a bond hearing before an immigration judge ("IJ"). (*Id.* at 15.)

Following the Ninth Circuit's decision in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), the Government acknowledges that the Petitioner is "subject to detention under 8 U.S.C. § 1226(a)." (ECF No. 6, at 1.) The Government does not "oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." (*Id.* at 2.)

Because the Government concedes the Petitioner's first claim, the Court grants the claim and his request for a bond hearing. On or before September 28, 2026, unless the Petitioner requests a continuance, the Government is ordered to grant the Petitioner an individualized bond hearing before a fair, neutral, and open-minded immigration judge. The IJ shall consider where the Petitioner will reside, who any surety may be, the appropriateness of non-financial conditions, the nine factors for an IJ to consider in an individualized bond hearing as set forth in *Martinez v. Clark*, 124 F.4th 775 (9th Cir. 2024),[1] and any other factors the IJ deems relevant in this particular case. *See also In re Guerra*, 24 I&N Dec. 37, 40 (B.I.A. 2006). The IJ must determine whether the Petitioner is a danger to the community or a flight risk for which there are no conditions available that will deter such risk. If the Petitioner shows by a preponderance of the evidence that he is neither a danger to the community nor a flight risk, the IJ must grant bond. *Rodriguez Vazquez*, 183 F.4th at 1167 (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th

---

[1] The nine factors include the following:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Martinez*, 124 F.4th at 783 (quoting *In re Guerra*, 24 I&N Dec. 37, 40 (B.I.A. 2006)).

Cir. 2022)). If the IJ denies bond, the judge must make specific findings as to why the Petitioner is a danger to the community or a flight risk, and the Government must make the audio of the hearing available to the Petitioner's counsel. If the Government fails to comply with this writ, the Petitioner can apply to this Court for relief.

The Petitioner does not explain why he is entitled to release. He states that his detention prevents him from adequately challenging his detention under the Suspension Clause. (*Id.* ¶ 35.) He also states that his detention without a bond hearing violates his Due Process rights. (*Id.* ¶¶ 52, 62.) But he does not explain why a violation of either warrants a remedy of release instead of a bond hearing. Because the Petitioner has not shown that he is entitled to release, this remedy is denied without prejudice. *See Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In . . . federal habeas proceedings, it is the petitioner who bears the burden of proving his case."). Also, because the Court grants the Petitioner's first claim, it need not reach his other arguments. The Petitioner's second, third, fourth, and fifth claims are denied without prejudice.

In conclusion, the petition for a writ of habeas corpus is **GRANTED IN PART** on the first claim. The Respondents are ordered to grant Fernandez Benitez an individualized bond hearing before a fair, neutral, and open-minded IJ in accordance with the requirements ordered above. The remedy of release without a bond hearing is **DENIED** without prejudice. The second, third, fourth, and fifth claims are **DENIED** without prejudice. The parties shall file a joint status report on the result of the bond hearing within forty-eight (48) hours of the bond hearing. If the Respondents fail to comply with this writ, the Petitioner can apply to this Court for relief. The Court retains jurisdiction to enforce the writ.

**IT IS SO ORDERED.**

Dated: September 14, 2026

Honorable Barry Ted Moskowitz
United States District Judge